UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LAURA MICHELLE GARCIA,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

Case No. CV 16-00652-JEM

AMENDED MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

**PROCEEDINGS**

On January 29, 2016, Laura Michelle Garcia ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on May 16, 2016. On July 29, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Amended Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 49-year-old female who applied for Social Security Disability Insurance benefits on November 13, 2012, alleging disability beginning April 28, 2012. (AR 15.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 28, 2012, the alleged onset date. (AR 17.)

Plaintiff's claim was denied initially on June 7, 2013. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lawrence D. Wheeler on May 14, 2014 in West Los Angeles, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by Richard Woolworth, a non-attorney representative. (AR 15.) Vocational expert ("VE") June C. Hagen also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on June 2, 2014. (AR 15-24.) The Appeals Council denied review on December 4, 2015. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly weighed the opinions of a treating physician.
2. Whether the ALJ properly found Laura Garcia capable of performing the identified work at Step-5.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 28, 2012, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: diabetes mellitus; morbid obesity with history of gastric bypass; a major depressive disorder; and an anxiety disorder. (AR 17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17-18.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) except for work involving more than simple repetitive tasks; any public contact; or more than occasional peer contact. (AR 18-22.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 22.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a systems analyst and claims examiner. (AR 22.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of hand packager, machine packager, industrial cleaner, housekeeping cleaner, marker, routing clerk, addresser, and microfilm document preparer. (AR 23-24.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 24.)

**DISCUSSION**

The ALJ decision must be reversed and remanded. The ALJ's RFC is not supported by substantial evidence. The ALJ's fifth step determination that there are jobs in the national economy that Plaintiff is capable of performing also is not supported by substantial evidence.

**I. THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff contends that the ALJ erred in rejecting the limitations assessed by Dr. Marcia Lamm, Plaintiff's workers' compensation psychologist. The Court disagrees.

Plaintiff also contends that the ALJ failed to explain his rejection of limitations assessed by State Agency reviewing physician Dr. David Deaver, rendering the ALJ's RFC and fifth step determination unsupported by substantial evidence. The Court agrees.

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v.

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

1. Dr. Marcia Lamm

Plaintiff suffers from diabetes, morbid obesity, major depressive disorder, and an anxiety disorder. (AR 17.) She claims she cannot concentrate for more than 5 to 10 minutes and cannot be around other people without having severe anxiety. (AR 19.) She has panic attacks and depression and has difficulty sleeping. (AR 19.) Claimant contends she stays home all day watching television and reading. (AR 22.) Nonetheless, the ALJ found Plaintiff was not precluded from all work, but limited to simple repetitive tasks without public contact and only occasional peer contact. (AR 18.)

Plaintiff was evaluated by psychologist Dr. Marcia Lamm on October 26, 2012, who diagnosed moderate to severe major depressive disorder with anxiety. (AR 20.) In a subsequent report dated July 24, 2013, Dr. Lamm reported marked to severe limitations in her ability to perform all mental and emotional work-related functions. (AR 21, 22.) More specifically, Dr. Lamm found Claimant to have marked limitations in the ability to remember locations and work-like procedures, ability to understand, remember and carry out detailed instructions, the ability to maintain concentration for extended periods, the ability to perform activities within a schedule and the ability to complete a normal workday and work week without interruptions from psychologically based symptoms. (AR 412-413.) Dr. Lamm also found Plaintiff to have marked limitations in activities of daily living, social functioning, and

concentration, persistence and pace with four or more episodes of decompensation, sufficient to meet the listing requirements of 12.04 and 12.06 (AR 21, 409), which would preclude all work.

The ALJ, however, rejected Dr. Lamm's July 24, 2013 assessment because it is inconsistent with her treatment notes that "clearly show the claimant has made significant progress in therapy." (AR 22.) An ALJ may reject a physician's opinion that is not supported by his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Here, the ALJ cited a report dated February 28, 2013 by Dr. Lamm indicating Claimant was making a lot of progress in treatment and that her mental status is "improving." (AR 20.) On April 17, 2013, Dr. Lamm noted that Claimant was "continuing to make progress in treatment with increased coping and stress management, and reduced depressive symptomalogy." (AR 20.) On November 25, 2013, Dr. Lamm noted that Claimant "has been making progress in outpatient psychotherapy with improvements in affect and mood observed on this date." (AR 21.) There is plainly an inconsistency between Dr. Lamm's July 24, 2013 assessment and her November 25, 2013 treatment note. Also missing from Dr. Lamm's treatment notes is any support for her assessment that there have been more than 4 episodes of decompensation of extended duration. (AR 409.) The ALJ found that there was no evidence the Claimant had any episodes of mental decompensation of extended duration. (AR 18.) Plaintiff does not challenge the ALJ's finding or cite to any evidence of mental decompensation of extended duration.

Plaintiff, moreover, does not challenge the ALJ's adverse credibility decision. (AR 22.) The ALJ found that Claimant had engaged in daily activities that were inconsistent with her subjective symptom allegations. (AR 22.) Claimant herself indicated she could prepare meals, perform household chores, drive a car, and go shopping. (AR 22.) She drives herself to her psychologist's appointments and sometimes goes grocery shopping by herself. (AR 19.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

The ALJ's rejection of Dr. Lamm's July 24, 2013 assessment is supported by the opinions of State agency medical consultants who found that Claimant was capable of light work not involving more than low stress work, more than simple repetitive tasks or more than limited contact with others.[1] (AR 22, 54-74.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Nor is it of consequence here that the State agency reviewing physicians were not treating or examining physicians. A non-examining opinion may serve as substantial evidence when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600. Here, the State agency opinions are consistent with Dr. Lamm's treatment notes and with the evidence of her daily activities.

Plaintiff disputes the ALJ's rejection of Dr. Lamm's July 24, 2013 assessment and limitations, citing other of Dr. Lamm's progress notes that are more negative. (AR 345, 348, 369, 370, 373, 374, 391, 415, 420, 422, 425, 426, 427.) Some of these notes, however, were mixed, with notations of improvement and mild impairment. It is the responsibility of the ALJ to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ 's interpretation of the record is reasonable and supported by substantial evidence as is the case here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ did not err in rejecting Dr. Lamm's July 24, 2013 assessment of Plaintiff. No other treating, consulting or reviewing physician found Plaintiff precluded from all work.

2. Dr. Deaver

State agency reviewing physician Dr. David Deaver, Ph.D., opined that Claimant is "capable of following easy 1, 2 step directions." (AR 69.) Plaintiff contends that the ALJ failed to give a reason for rejecting the "easy 1, 2 step directions" limitation and conflated that specific limitation into "simple repetitive tasks." (JS 5.) Plaintiff also contends that the ALJ erred by not

---

[1] As noted below, one reviewer restricted Plaintiff to "easy 1, 2 step directions."

including the easy 1, 2 step directions limitation in Plaintiff's RFC or in the questioning of the VE. The Court agrees that the ALJ erred.

Plaintiff has not characterized the record accurately. In the record, there is a section entitled, "Findings of Facts and Analysis of Evidence." (AR 63-64.) This section states that Claimant's alleged subjective limitations are more limiting than the objective evidence supports. (AR 63.) It further states, "Although she does have severe depression, it appears that the claimant would be capable of simple, routine non-stressful work as it does appear that her mental status has improved overall and her subjective reports of limitations are not fully supported by objective evidence in file." (AR 63-64.) (Emphasis added.) Dr. Deaver signed off on the report on June 5, 2013.[2] (AR 65.) Plaintiff does not acknowledge that Dr. Deaver signed off on the limitation to "simple routine non-stressful work."

Dr. Deaver, however, added to his explanation, "See MRFC for additional limitations." (AR 65.) In the accompanying Mental Residual Functional Capacity Assessment also dated June 5, 2013 (AR 68-69), Dr. Deaver indicated Plaintiff did not have understanding and memory limitations, and was not significantly limited in carrying out very short and simple instructions. (AR 68.) He found Plaintiff to be only moderately limited in the ability to carry out detailed instructions and to maintain attention and concentration for extended periods. (AR 68.) He also found that Plaintiff had the ability to make simple work-related decisions and to complete a normal work day and work week without interruptions from psychological based symptoms. (AR 68.) Dr. Deaver concluded that Claimant "would likely need a low stress environment without a great deal of contact with others but is capable of following easy 1, 2 step directions." (AR 69.) (Emphasis added.)

Neither the ALJ nor the Commissioner acknowledge that Dr. Deaver embraced both simple, routine non-stressful work and "easy step 1, 2 directions." These two limitations are not

---

[2] The record was unclear as to the author of the report at AR 63-64. The Court ordered the Commissioner to clarify its authorship. (Dkt. 16.) The Commissioner responded that the author was a disability analyst but that Dr. Deaver signed off on the report. (Dkt. 17.) Although the Court provided Plaintiff with the opportunity to submit a reply, Plaintiff did not do so.

the same, as discussed below. There also appears to be tension between Dr. Deaver's opinion that Plaintiff was moderately limited in carrying out detailed instructions and the easy 1, 2 step directions limitation. (AR 68-69.) The ALJ has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. The ALJ also has a duty to develop the record fully and fairly, which is triggered when the evidence is ambiguous. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ here failed to recognize and resolve important ambiguities or inconsistencies in Dr. Deaver's opinion. The ALJ erred.

The Commissioner contends that the Ninth Circuit case of Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008), governs here. Stubbs held that an ALJ may synthesize and translate mental limitations into an RFC restriction to simple, repetitive, and routine tasks. Id.; see also Turner v. Comm'r of Soc Sec., 613 F.3d 1217, 1223 (9th Cir. 2010) (marked limitations in social functioning synthesized into an RFC for work without public contact). Here, the ALJ assessed a medium work RFC "except for any work involving more than simple repetitive tasks; any public contact; or more than occasional peer contact." (AR 18.) (Emphasis.) The Commissioner contends that the ALJ here fairly synthesized all the evidence, including the simple, routine non-stressful work limitation, into a "simple repetitive tasks" RFC limitation.

The problem with the Commissioner's reliance on Stubbs here is that there is a material difference between "simple, repetitive tasks" and "easy 1, 2 step directions." In the Ninth Circuit, a limitation to one and two step tasks is inconsistent with jobs requiring Level Two reasoning. Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1002-04 (9th Cir. 2015). A limitation to simple, routine tasks by contrast is consistent with jobs requiring Level Two reasoning. See, e.g., Torrez v. Astrue, 2010 WL 2555847, at *9 (E.D. Cal. June 21, 2010). Thus, the ALJ's simple, repetitive tasks RFC limitation is consistent with Dr. Deaver's "simple, routine non-stressful work" opinion (AR 63) but plainly inconsistent with his "easy 1, 2 step directions" limitation which the ALJ decision never mentions. The ALJ necessarily rejected the latter limitation without any explanation as required by Social Security regulations. SSR 96-8p, at *7, 1996 WL 374184 ("If the RFC assessment conflicts with an opinion from a medical

source, the adjudicator must explain why the opinion was not adopted"); 20 C.F.R. § 404.1527(e)(2); see also Dale v. Colvin, 823 F.3d 941, 944-46 (9th Cir. 2016). This too was error.[3]

The ALJ's error, moreover, was not harmless. At the fifth step of the sequential process, the ALJ's hypothetical posed to the VE only asked if there were jobs in the national economy that someone limited to simple, repetitive tasks could perform. (AR 48.) The VE answered affirmatively and identified numerous jobs requiring Level Two or Level Three reasoning levels. (AR 23-24.) The only job identified that required only Level One reasoning is a housekeeper job that is inapplicable because it may require more contact with others than the ALJ's RFC permits. See Dictionary of Occupational Titles ("DOT") 323.687-014, 1991 WL 672783, which requires a housekeeper to render personal assistance to patrons. The ALJ's RFC limits Plaintiff to no public contact. (AR 18.) Cases have found an inconsistency between the DOT description of the cleaner job and a limitation to no public contact. See e.g., Pardue v. Astrue, 2011 WL 5520301, at *4-5 (C.D. Cal. Nov. 14, 2011) (reversal because of no explanation of apparent conflict). The Commissioner argues that some cleaner jobs may not require public contact but the ALJ did not ask the VE to explain the apparent conflict between the VE testimony and the DOT requirement of rendering assistance to patrons, as the ALJ was required to do. Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2014); Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008). Indeed, the VE here did not even appear to be aware that

---

[3] The Commissioner tries to overcome the ALJ's error by arguing the ALJ's RFC is supported by Plaintiff's daily activities. The Commissioner, however, fails to establish that any of those activities require more than one or two steps. Dr. Deaver, moreover, as a reviewing physician, would have been aware of these activities and nonetheless assessed an "easy 1, 2 step directions" limitation.

The Commissioner also argues that Plaintiff's past work as a systems analyst and claims examiner (AR 22) supports the ALJ's RFC. The ALJ, however, did not offer Plaintiff's past work as an explanation for rejecting Dr. Deaver's "easy 1, 2 step directions" limitation and this Court is constrained to review only the reasons the ALJ asserts. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Again, Dr. Deaver was aware of Plaintiff's work and nonetheless assessed an "easy 1, 2 step directions" limitation.

rendering assistance to patrons is public contact. (AR 51.) The Court cannot accept from the Commissioner facts and reasons the ALJ and VE must provide. Connett, 350 F.3d at 874.

Thus, the ALJ's failure to resolve the ambiguities and inconsistencies in Dr. Deaver's opinions and to address and explain his rejection of Dr. Deaver's easy 1, 2 step directions limitation means that both the ALJ's RFC and his step five determination are not supported by substantial evidence. The ALJ's nondisability opinion is not supported by substantial evidence nor free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Amended Memorandum Opinion and Order and with law.

DATED: October 27, 2016

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE